IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MATTHEW APPLEBY, SR.,

                                                                                                                    ORDER

                Petitioner,

                                                                                           08-cv-627-slc[1]

    v.

WISCONSIN RESOURCE CENTER,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil rights action brought under 42 U.S.C. § 1983, petitioner David Matthew Appleby contends that staff at the Wisconsin Resource Center "have obtained and manipulated computer images of [petitioner] engaging in sexual activity." He believes that "these images are part of a plan to set [him] up for sexual assault charges." Petitioner has requested leave to proceed in forma pauperis and has made an initial partial payment as directed by the court under 28 U.S.C. § 1915(b)(1). (Although both prisoners and patients

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

1

are housed at the Wisconsin Resource Center, the state online prisoner locator shows that plaintiff is in the custody of the Department of Corrections, which means that he is subject to the Prison Litigation Reform Act.)

Petitioner's claim has multiple problems, but the only barrier to maintaining the suit that I need to address is that petitioner filed the same claim unsuccessfully in the Eastern District of Wisconsin less than two months ago.  In Appleby v. Wisconsin Resource Center, 08-C-793 (E.D. Wis. Sep. 23, 2008), petitioner alleged that "various guards and staff members have obtained and manipulated computer images of him engaging in sexual activity, and that these images are part of a plan to set him up for some sort of sexual assault charge." The court dismissed the case for lack of subject matter jurisdiction, concluding that "[n]one of the Plaintiff's complaints . . . involves federal law or the Constitution."

Petitioner disagrees with the court's conclusion, saying in his complaint that he has a claim under the Eighth Amendment.  However, if petitioner believed the court in the Eastern District decided his case wrongly, the proper course was to appeal the decision to the Court of Appeals for the Seventh Circuit, not file a new case.  Under the doctrine of claim preclusion, I am bound by the decision of the other district court and must dismiss his claim. Allen v. McCurry, 449 U.S. 90, 94 (1980).  A party who loses in one district court may not keep trying in other district courts until he finds one that agrees with him.

ORDER

IT IS ORDERED that

1. This case is DISMISSED because it is barred under the doctrine of claim preclusion.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Petitioner is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of petitioner's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from petitioner's trust fund account until the filing fees have been paid in full.

Entered this 23rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge